NORTHWESTERN CLASSICAL ACADEMY, Appellee, v. I. C. EDMONDS et al., Appellants.

No. 41301.

April 5, 1932.

Molyneux, Maher & Meloy and O. E. Johnson, for appellants.

Klay & Klay, for appellees.

Faville, J.—One Fikse was the owner of a farm in Lyon County, this state. The farm was encumbered by a first mortgage in the principal sum of $30,000, and by a second mortgage in the principal sum of $12,800. This latter mortgage is the one involved in this litigation. It was executed on March 1, 1917, and was due March 1, 1924. It was assigned by the original mortgagee to the appellee in this action. The assignment was recorded.

 The appellants I. C. Edmonds and S. Londergan were partners in a private bank located at Marcus, Iowa, and known as The Exchange Bank. They also conducted a lumber company, which was known as the Edmonds-Londergan Company. They were also stockholders in an incorporated bank in the town of Steen, Minnesota, known as The State Bank of Steen.

Fikse, the owner of the land in question, was heavily indebted to the Edmonds-Londergan Company and to the said State Bank of Steen. The record is not entirely clear in regard to the matter, but we gather therefrom that at the time of the conveyance of the land in question by Fikse to the appellants as hereinafter described, the State Bank of Steen had acquired from the appellants or the Edmonds-Londergan Company certain notes

which they had originally taken from said Fikse, and in addition thereto the said Fikse was owing the said State Bank of Steen for money loaned by the bank to him. It appears that the total amount of the Fikse indebtedness out of said transactions with the bank, and originally with the Edmonds-Londergan Company, aggregated about $37,000. It appears that the Banking Department of the State of Minnesota made complaint to the State Bank of Steen of the Fikse indebtedness and said bank undertook negotiations with Fikse to adjust said matter. The outcome of the negotiations was that on or about December 24, 1923, Fikse and his wife executed a deed to said farm. The appellants are named as grantees in said deed. At said time the notes held by the State Bank of Steen (except one note not involved in this controversy) against Fikse were cancelled and surrendered to Fikse. This deed was delivered to the State Bank of Steen. It is an ordinary warranty deed. It recites a consideration of "one dollar and other valuable consideration." The grantees named therein are the appellants Edmonds and Londergan. The deed recites that the premises "are free and clear of all liens and encumbrances whatsoever excepting mortgages now of record in aforesaid county and which parties of the second agrees to assume."

Briefly stated, it is the contention of the appellants that they did not know of the transaction by which the Fikse land was deeded to them, and that the deal was carried on by the officers of the State Bank of Steen without the knowledge or acquiescence of the appellants and solely for the benefit of said bank, and that they did not learn until a number of years later that the deed had been in fact executed to them as grantees and that it contained the clause in question.

The real contest in the case is about the one question as to whether or not, under the facts as disclosed by the record, the appellants are liable upon the assumption clause in the deed.

I. It is contended that the clause in the deed above quoted is not sufficient to charge the appellants with personal liability for the appellee's mortgage. There is no question but that the appellee's mortgage was of record at the time the deed was executed. By its terms the clause in the deed referred to "mortgages now of record" and this would include appellee's mortgage. The clause "of which the parties of the second agrees

to assume'' is not artistically framed, but we think, when proper-
ly interpreted, it is sufficient to constitute an assumption by the
grantees therein of the mortgages then of record.

It is argued that an agreement "to assume" does not in-
volve a personal liability "to pay." In Hakes v. Franke, 210
Iowa 1169, at 1176, we approve the definition from Anderson's
Law Dictionary as follows: " 'To assume' means 'to take to or
upon one's self.' " Therefore the grantees in the deed took upon
themselves the obligation to pay the mortgages on said premises
of record, which would include the appellee's mortgage.

II. The real contest in the case involves the question as to
whether or not the appellants can be held under said deed as
having assumed the obligations imposed by said instrument.

The appellants contend that the State Bank of Steen and its
officers were not agents of appellants and that the appellants
knew nothing of said deed at the time it was executed or until
many years afterward and that the said deed never became bind-
ing upon them. It appears that the transaction by which Fikse
executed this deed was conducted wholly by the officers of the
State Bank of Steen. It does not appear that the appellants at
said time had personal knowledge of said transaction. The ne-
gotiations were all carried on between the owner of the land and
the officers of the State Bank of Steen and it does not appear
that the appellants participated therein or that they had con-
ferred express authority upon the officers of said bank to act for
and in behalf of the appellants in said matter. It does appear
that the appellants were largely interested in the affairs of said
bank and owned a substantial portion of the stock of said bank.
It also appears that after the execution of the deed the grantor
Fikse remained upon said premises and a lease was executed to
him by an officer of the State Bank of Steen in the name of ap-
pellants, and who signed the same as agent for the appellants.
It also appears that the State Bank of Steen continued to look
after the said farm and collect the rentals and pay the taxes and
interest thereon.

The appellee's mortgage became due March 1, 1924. It was
extended by written agreement for a term of five years. A rep-
resentative of the appellee had considerable correspondence with
the officers of the State Bank of Steen with regard to the ex-
tension of said loan. In this correspondence the cashier of the

State Bank of Steen advised the representative of the appellee that a proposition was under consideration for the taking over of said farm and informed him that the warranty deed which it was contemplated would be executed in the transaction provided that "the parties taking over this land agrees to assume mortgages now standing of record. In other words, we would be taking a straight warranty deed assuming the mortgages now of record." Later on it appears that the cashier of said bank sent the deed in question to the representative of the appellee for the purpose of drawing extension papers extending the appellee's mortgage for a term of five years and in said letter gave to the said representative the names of the appellants and of their wives. It does not appear that appellants knew of this correspondence, but we think it satisfactorily appears from the record that thereafter an extension agreement for an extension of appellee's mortgage was executed by the appellants. There is evidence tending to show that the original of said extension agreement has been lost, but a duplicate copy thereof was introduced in the record, and we think sufficient foundation was laid for its consideration, and said extension agreement recites that said described premises have been conveyed to these appellants and that said appellants, as grantees in said deed, "have assumed the payment of said notes and mortgages." We are satisfied from the record that said extension agreement was executed by the appellants and that it became a full and complete ratification of the acts of the officers of the State Bank of Steen in accepting from the grantor the said deed in question. Furthermore, it appears in the record that the appellants, on or about the 22d day of December, 1925, executed a request for an extension of the first mortgage on said premises, in which it is recited: "The undersigned Stephen Londergan and Ira C. Edmonds who hereby assume payment of said note hereby covenants that he is the present legal owner of the above described premises." If appellants were the legal owners of the premises it was by virtue of the deed in question, under which they assumed payment of the "mortgages of record."

It may be true that the transaction by which the land was conveyed to the appellants was primarily for the convenience of the State Bank of Steen, and that the title to the real estate was taken in the name of the appellants individually because of legal

limitations upon the power of the bank to take title to the real estate. But, be that as it may, the fact remains that the deed was taken in the name of the appellants and was so recorded,. and that subsequently the appellants recognized that they were the grantees in said deed and the owners of said premises, and executed an extension agreement of both the first and second mortgages as owners of said premises.

The rules of law applicable to cases of this kind are well established. The vital question for us to determine is a fact question as to whether or not by authorization or ratification the appellants became bound by the terms and provisions of the warranty deed as assumptors of the appellee's mortgage. Upon this fact question a careful examination of the entire record leaves little doubt as to the appellants' personal liability upon the appellee's mortgage by virtue of the assumption clause in said deed.

The decree of the trial court was correct, and it is—Affirmed.

WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.